IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KIMBERLY L. DAVIS, | |
| Plaintiff, | CIVIL ACTION NO.: 4:24-cv-146 |
| v. | |
| CHATHAM AREA TRANSIT AUTHORITY, | |
| Defendant. | |

**O R D E R**

Before the Court is Plaintiff's Motion to Remand. (Doc. 7.) Plaintiff Kimberly Davis filed this action in the State Court of Chatham County against Defendant Chatham Area Transit Authority to recover damages for Defendant's alleged negligence. (Doc. 1-1, pp. 1–8.) Plaintiff later filed an Amended Complaint adding to her action a claim against Defendant for alleged violations of the Americans with Disabilities Act ("ADA"). (Id. at pp. 17–25.) Defendant subsequently removed the case to this Court, asserting federal question jurisdiction. (Doc. 1.) Plaintiff then filed the at-issue Motion to Remand, (doc. 7), and Defendant filed a Response, (doc. 9). For the reasons below, the Court **DENIES** Plaintiff's Motion to Remand. (Doc. 7.)

**BACKGROUND**

The following facts are set forth in Plaintiff's Amended Complaint. (Doc. 1-1, pp. 17–25.) Plaintiff Kimberly Davis is a resident of Georgia who suffers from Multiple Sclerosis, which requires her to use a motorized scooter. (Id. at pp. 17–18.) Defendant Chatham Area Transit Authority ("CAT") is a local transit authority that provides public transportation services in Chatham County, Georgia. (Id. at p. 17.) As part of its services, Defendant owns and operates

vehicles known as "CAT Mobility vehicles" that are specifically designated for use by people with disabilities. (Id. at p. 18.)

On November 19, 2023, Plaintiff rode in a CAT Mobility vehicle that she believes Defendant's employee Quita Graham was driving. (Id.) Graham "negligently drove the CAT Mobility bus and failed to adequately and properly secure Plaintiff's motorized scooter," causing the scooter to be "thrown about the CAT Mobility bus violently injuring Plaintiff in the process." (Id. at p. 19.) On April 18, 2024, Plaintiff filed a negligence claim against Defendant in the State Court of Chatham County to recover damages for these alleged injuries. (Id. at pp. 2–8.)

Plaintiff continued using Defendant's CAT Mobility services after her April 18 filing but found that "Defendant CAT became increasingly hostile towards [her] because of the ensuing legal claim." (Id. at p. 19.) On May 16, 2024, Plaintiff requested CAT Mobility service to take her to a "doctors' appointment related to Defendant CAT's negligence," and Quita Graham—the same driver from the original incident—arrived to pick her up. (Id. at pp. 19–20.) Upon arrival, Graham "cursed at [Plaintiff], an argument ensued, and [Graham] ultimately refused to transport Plaintiff to her necessary medical treatment." (Id.) Then, on May 21, 2024, "a week after being served with [the negligence] lawsuit, Defendant CAT . . . issu[ed Plaintiff] a 6-month ban from riding Defendant CAT's mobility bus." (Id. at p. 20.) On June 6, 2024, Defendant reduced the ban from six months to one month. (Id.) Plaintiff alleges that the ban was "discriminatory and retaliatory" and that "it has prohibited [Plaintiff] from receiving the medical care and treatment needed to address her injuries sustained in the [November 19, 2023,] incident." (Id.)

On June 13, 2024, in response to her suspension, Plaintiff filed an Amended Complaint in state court which added to her negligence claim a new claim against Defendant under the ADA. (Id. at pp. 17–25; see also doc. 1, p. 1.) Plaintiff alleges in this claim that Defendant is subject to

Title III of the ADA under 42 U.S.C. § 12184 as a "private entity that provides specified public transportation," and that "Defendant CAT's discriminatory and retaliatory ban of Plaintiff on May 21, 2024[,] is in violation of the ADA." (Doc. 1-1, p. 22.) For the ADA claim, Plaintiff seeks "compensatory damages for the turmoil, fear, humiliation, and other forms of emotional distress she experienced by the retaliatory ban and her inability to receive medical treatment related to the [November 19, 2023,] incident since Defendant's ban." (Id. at p. 27.)

On July 15, 2024, Defendant removed Plaintiff's state-court action to this Court. (Doc. 1.) Defendant asserts in its Notice of Removal that removal is proper because the Amended Complaint's ADA claim endows the Court with federal question jurisdiction under 28 U.S.C. § 1331. (Id. at p. 3.) Then, on August 12, 2024, Plaintiff filed the at-issue Motion to Remand, or in the Alternative, to Sever Certain Claims pursuant to 28 U.S.C. § 1447(c). (Doc. 7.) The Motion argues that removal is improper because under 28 U.S.C. § 1367 the Court lacks supplemental jurisdiction over Plaintiff's negligence claim or, alternatively, that the Court should refrain from exercising jurisdiction over the claim. (Id. at pp. 4–7.) Defendant filed a Response to Plaintiff's Motion to Remand on August 26, 2024. (Doc. 9.)[1]

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). As such, a defendant may only remove an action from state court if the federal court would possess jurisdiction over the subject matter. See 28 U.S.C. § 1441(a). A federal district court has original

---

[1] Defendant filed two Responses on August 26, 2024. (Docs. 8, 9.) It appears the second Response was filed to correct a minor typographical error in the first filing. (Compare doc. 9, p. 1, with doc. 8, p. 1.) The Responses are effectively the same. (See docs. 8, 9.) For purposes of this Order, the Court will refer to the second Response only. (Doc. 9.)

jurisdiction over two types of civil actions: (1) those arising under federal law ("federal question jurisdiction"); and (2) those involving diversity of citizenship ("diversity jurisdiction"). See 28 U.S.C. §§ 1331, 1332. Additionally, even if a court does not have original jurisdiction over a claim, it may still hear it by invoking "supplemental jurisdiction" if the non-qualifying claim is "so related to claims in the action [that are] within [the] original jurisdiction [of the court] that they form part of the same case or controversy under Article III of the United States Constitution." Id. § 1367(a); see also Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1563 (11th Cir. 1994).

On a motion to remand, the removing party bears the burden of establishing that the federal court has either original or supplemental jurisdiction over each of the claims in the removed complaint. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001); see also, e.g., Regenicin, Inc. v. Lonza Walkersville, Inc., 997 F. Supp. 2d 1304, 1310 (N.D. Ga. 2014) ("The removing party must prove jurisdiction by showing that each claim invokes either original or supplemental jurisdiction."). Removal jurisdiction is strictly construed with all doubts resolved for remand. Mann v. Unum Life Ins. Co. of Am., 505 F. App'x 854, 856 (11th Cir. 2013). Removal jurisdiction based on a federal question "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112–13 (1936)); see also Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 26, 35 (2025).

If, when ruling on a motion to remand, a district court finds that there is federal jurisdiction over every claim in a removed complaint—whether through federal question, diversity of citizenship, supplemental jurisdiction, or on some other basis—then the court may properly hear the entire complaint and deny the remand. 28 U.S.C. § 1441. Alternatively, if a district court finds

4

that it has jurisdiction over some, but not all, of the claims in a complaint, then the court turns to § 1441(c). Id. This provision directs that, if jurisdiction over the qualifying claims is based on the presence of a federal question, then the court retains those claims, severs the rest of the complaint, and remands the non-qualifying claims to state court. Id. § 1441(c)(2); see also Capps v. Fla. Highway Patrol, No. 17-cv-60365, 2017 WL 1436077, at *2 (S.D. Fla. Apr. 24, 2017).

## DISCUSSION

Plaintiff argues that the Court should remand her entire Amended Complaint to state court or, alternatively, sever the Complaint's two claims and remand the negligence claim. (Doc. 7, pp. 4–7.) As best the Court can tell, Plaintiff posits two arguments. First, she asserts that the Court lacks supplemental jurisdiction over her negligence claim because the claim is not "from the same case or controversy" as the ADA claim. (See id. at p. 6.) And second, she argues that—even if supplemental jurisdiction does exist over the negligence claim—the Court should decline to exercise that jurisdiction because the tort claim "substantially predominates over the ADA claim" under 28 U.S.C. § 1367(c). (Id. at pp. 4–6.) Defendant, in response, rejects these arguments and asserts that the Court can properly exercise supplemental jurisdiction over Plaintiff's negligence claim. (Doc. 9, pp. 2–6.)

First, the Court addresses whether it has jurisdiction over each of Plaintiff's claims. Second, finding that Plaintiff's negligence claim does come under its supplemental jurisdiction, the Court considers whether it should exercise that jurisdiction and hear the claim. Because it finds that it can properly exercise supplemental jurisdiction over Plaintiff's negligence claim, the Court **DENIES** Plaintiff's Motion.

**I.     Whether the Court has Supplemental Jurisdiction over Plaintiff's Negligence Claim**

For Defendants' removal of the Amended Complaint to be proper, the Court must have a basis for jurisdiction over both the negligence claim and the ADA claim. There is no dispute that the Court has federal question jurisdiction over Plaintiff's ADA claim. (See doc. 7, p. 7; doc. 9, p. 2.) However, it is also undisputed that the Court lacks either federal question or diversity jurisdiction over Plaintiff's state negligence claim. (See doc. 7, p. 3; doc. 8, p. 2.) The Court accordingly can only retain the negligence claim if it comes under its supplemental jurisdiction. See 28 U.S.C. § 1367.

Federal courts that lack original jurisdiction over a claim may nevertheless hear that claim by invoking supplemental jurisdiction if the non-qualifying claim is "so related to claims in the action [that are] within [the] original jurisdiction [of the court] that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a); Palmer, 22 F.3d at 1563. Claims, in turn, are part of the same "case or controversy" if they "arise out of a common nucleus of operative fact." Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 743 (11th Cir. 2006) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)). To determine whether two claims derive from a common nucleus of fact, the Eleventh Circuit Court of Appeals has directed trial courts to "look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 455 (11th Cir. 1996) (citing Palmer, 22 F.3d at 1566). Given that district courts maintain broad discretion when exercising supplemental jurisdiction, however, an overlap in the witnesses or evidence underlying two claims does not necessarily mean those claims arise from a common nucleus of fact. See Ameritox, Ltd. v. Millennium Laboratories, Inc., 803 F.3d 518, 530 (11th Cir. 2015) ("[Supplemental jurisdiction] is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." (quoting Carnegie-

Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988))); see also Software Brokers of Am., Inc. v. Doticom Corp., 484 F. Supp. 3d 1205, 1211–13 (S.D. Fla. 2020) (denying supplemental jurisdiction even though state and federal claims shared some overlapping facts and witnesses). Nevertheless, here, a review of the occurrences, witnesses, and evidence underlying Plaintiff's claims makes it clear that the Court has supplemental jurisdiction because Plaintiff must reference her negligence claim to fully present the facts and injuries alleged in her ADA claim.

As an initial matter, Plaintiff's state and federal claims share overlapping "facts, occurrences, witnesses, [and] evidence." Hudson, 90 F.3d at 455. Plaintiff, indeed, alleges that the same person—who would presumably serve as a critical witness in this litigation—was driving Defendant's CAT mobility van both during the events giving rise to her negligence claim and during the events giving rise to her ADA claim. (Doc. 1-1, pp. 18–20.) Both claims also may require the Court to consider overlapping evidence, such as Defendant's internal policies and procedures. See, e.g., Judy v. Lee Mem'l Health Sys., No. 2:07-cv-211, 2008 WL 897705, at *6 (M.D. Fla. Mar. 31, 2008) (ADA claim created supplemental jurisdiction over negligence claim when both claims would consider "[d]efendants' policies and their provision . . . of training to valet employees regarding vehicles . . . ." (citing Hudson, 90 F.3d at 455)). While this overlap in evidence and witnesses does not alone require a finding of supplemental jurisdiction, opinions from other district courts throughout this Circuit show why Plaintiff's negligence and ADA claims ultimately arise from a common nucleus of fact.

Eleventh Circuit courts typically find supplemental jurisdiction when it appears that a plaintiff must reference the facts or injuries of their state claim to fully present the facts or injuries of their federal claim. In Judy v. Lee Memorial Health System, for instance, a district court found it had supplemental jurisdiction when, as here, the facts underlying a negligence claim were the

alleged cause-in-fact of an eventual federal ADA claim. 2008 WL 897705, at *6. There, a paraplegic hospital patient was waiting for the hospital's valet to retrieve his car when the valet attendant—overwhelmed by the car's hand controls—crashed the car and injured the awaiting patient. Id. at *1–2. When the patient returned to the hospital two weeks later, he was informed that the valet would no longer park hand-controlled vehicles like his. Id. at *2. The patient subsequently brought an action in federal court asserting a state negligence claim for the initial car accident, as well an ADA discrimination claim for the hand-controlled-cars policy. Id. at *1–2. Despite differences between the two claims, the court found that the tort and ADA claims arose from a common nucleus of fact, allowing for supplemental jurisdiction. Id. at *5–6. The court observed that, not only did the claims "involve many of the same witnesses . . . and evidence," the discriminatory conduct alleged in the ADA claim came about as a "result of the accident" alleged in the negligence claim. Id. at *6.

Similarly, in Storey v. TransformHealthRX, Inc., an inmate's estate alleged that the inmate died as a combined result of a jail's abusive treatment and a physician's misdiagnosis of his resulting injuries. No. CV415-149, 2022 WL 4002903, at *1–5 (S.D. Ga. Aug. 31, 2022) (outlining jail's abuse); Storey v. TransformHealthRX, Inc., No. CV415-149, 2024 WL 695410, at *2–3 (S.D. Ga. Feb. 20, 2024) (outlining physician's misdiagnosis). The estate brought federal claims against the jail's medical provider as well as state malpractice claims against the private physician. Storey, 2024 WL 695410, at *4 (addressing supplemental jurisdiction). The district court found it had supplemental jurisdiction over the state claim—rejecting an argument that, given the "substantial temporal and geographical break between the [claims]," the "overlapping evidence on causation and damages" could not create a nucleus of fact. Id. The court observed that the

"series of events" underlying the two claims was "so closely intertwined . . . . [that it was] hard to tell the story of [the inmate's] medical decline without including both [claims] . . . ." Id.

Conversely, opinions that deny supplemental jurisdiction despite overlapping facts and witnesses typically do so only when the plaintiff can present their federal claim without reference to their state one. In Barcel v. Lele, for instance, a company sued its competitors for federal trademark infringement and various violations of state contract law. No. 8:05-CV-1519-T-23, 2005 WL 3468282, at *1 (M.D. Fla. Dec. 19, 2005). Even though the competitors' contract breaches were allegedly how they gained the knowledge necessary to infringe on the company's trademark, the district court found that the claims were not sufficiently related for supplemental jurisdiction. Id. at *2 ("Without the fraudulent actions of the state-law defendants, the argument goes, the trademark-related violations never occur."). The court found that, despite the "but for" relationship between the claims, none of the issues relevant to the contract claims would inform resolution of the trademark claim. Id. at *2; see also Doticom Corp., 484 F. Supp. 3d 1205, 1211–13 (no supplemental jurisdiction when "the [federal] copyright claim w[ould] take the Court on a totally different journey than Plaintiff's [state] collection claims").

These cases illustrate that, while a loose connection among facts, occurrences, witnesses, or evidence is not alone sufficient, courts typically find a common nucleus of fact when explanation of a state claim is necessary for the parties to comprehensively present a federal claim. Here, this compels the Court to hold that it has supplemental jurisdiction over Plaintiff's negligence claim. As in Judy, where the valet negligently crashed the patient's car which in turn led the hospital to enact the allegedly discriminatory hand-controlled-car policy, Plaintiff alleges that Defendant's negligent driving and her resulting lawsuit is what eventually caused Defendant to issue the ADA-violative CAT Mobility ban. 2008 WL 897705, at *6. Indeed, just as the Judy

9

court observed that the patient had alleged that the hand-controlled car policy was a "result" of the valet's negligent driving, here Plaintiff asserts that her "ADA Claim . . . only flows as a result of the underlying state law tort committed by Defendant." (Doc. 7, p. 3.) Moreover, as part of her ADA claim, Plaintiff seeks to recover damages for the harm she suffered when the ban allegedly resulted in "her inability to receive medical treatment related to" the November 19, 2023, incident at the center of her negligence claim.[2] (Doc. 1-1, p. 23.) Therefore, like the inmate's medical decline in Storey, the events underlying Plaintiff's negligence and ADA claims are "so closely intertwined" that it is "hard to tell the story" of Plaintiff's damages without including both claims. 2024 WL 695410, at *4. This sets this case apart from cases like Barcel, 2005 WL 3468282, at *2, where none of the issues relevant to the company's state claim informed resolution of its federal claim, and like Doticom Corp., 484 F. Supp. 3d at 1211, where the state and federal claims would require "totally different journey[s]." To the contrary, certain issues—like the extent of Plaintiff's injuries from the November 19 incident—may be relevant to both her negligence claim and her ADA claim. Accordingly, the claims arise from a common nucleus of operative fact.

This finding is appropriate despite the six-month gap separating Defendant's alleged negligence from its alleged ADA discrimination. Courts in the Eleventh Circuit have often rejected arguments that temporal proximity is key to assessing supplemental jurisdiction. See, e.g., Storey, 2024 WL 695410, at *4 (finding supplemental jurisdiction despite "substantial

---

[2] Compensatory damages ultimately will not be available under Title III of the ADA. See 42 U.S.C. § 12188(a) (establishing remedies available under Title III); see also Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1329 (11th Cir. 2013) ("[I]njunctive relief . . . is the only form of relief available to plaintiffs suing under Title III of the ADA."). Nevertheless, the overlap in alleged injuries (appearing on the face of the Amended Complaint) between Plaintiff's negligence and ADA claims is a proper consideration when determining whether the claims are sufficiently related for supplemental jurisdiction—especially given that the Court is not to evaluate the *merits* of Plaintiff's claim on a motion for remand. See, e.g., Williams v. CNH Am., LLC, 542 F. Supp. 2d 1261, 1264 (M.D. Ala. 2008) ("When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one . . . .").

temporal and geographical break between the claims"); Montgomery v. Bd. of Trs. of Ala. Agric. & Mech. Univ., No. 5:17-cv-01934, 2019 WL 2224823, at *4 (N.D. Ala. May 23, 2019) ("Temporal proximity is not a factor that courts should consider in evaluating whether two claims derive from a common nucleus of operative facts."); Molnoski v. Batmasian, 246 F. Supp. 3d 1336, 1339 (S.D. Fla. 2017) ("[M]ere 'temporal proximity . . . is not sufficient to meet the "common nucleus of operative fact" test.'" (quoting Cruz v. Winter Garden Realty, LLC, No. 6:12–cv–1098, 2012 WL 6212909, at *5 (M.D. Fla. Nov. 27, 2012))). Accordingly, the Court attributes little importance to the six-month gap between the events of Plaintiff's state claim and the events of her federal claim. Because the claims arise from the same common nucleus of operative fact, the Court has supplemental jurisdiction over Plaintiff's negligence claim.

## II. Whether the Court should Exercise Its Supplemental Jurisdiction over Plaintiff's Negligence Claim

Even though Plaintiff's federal and state claims form part of the "same case or controversy," 28 U.S.C. § 1367(c) provides that the Court may nevertheless decline to exercise supplemental jurisdiction over the state claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Id. Here, Plaintiff invokes subsection (2) and argues that, even if the Court has supplemental jurisdiction over her tort claim, it should decline to exercise that jurisdiction because the tort claim "substantially predominates over" the ADA claim. (Doc. 7, pp. 4–7.)

Courts often "will find substantial predominance when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage." Parker v.

11

Scrap Metal Processors, Inc., 468 F.3d 733, 744 (11th Cir. 2006) (quoting McNerny v. Nebraska Pub. Power Dist., 309 F. Supp. 2d 1109, 1117–18 (D. Neb. 2004)).  To determine whether the state claim is the "real body of a case," courts compare the state and federal claims "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought . . . ."  Gibbs, 383 U.S. at 726; see also Est. of Owens v. GEO Grp., Inc., 660 F. App'x 763, 775 (11th Cir. 2016).

According to Plaintiff, her negligence claim substantially predominates over her ADA claim because "[t]he subject lawsuit was filed as a result of Defendant's tortious conduct in negligently transporting Plaintiff; not because of a violation of the ADA."  (Doc. 7, pp. 5–6.)  Plaintiff accordingly describes the ADA claim as "derivative in nature, and ancillary to Plaintiff's main claim," emphasizing that "Plaintiff's ADA [c]laim of retaliation could not exist unless the tort occurred."  (Id. at p. 6.)  Defendant offers little in response to Plaintiff's "predomination" argument, beyond asserting that complicated developments in federal law governing Plaintiff's ADA claim make it "best that the Court exercise its discretion with regard to supplemental jurisdiction and keep this case . . . in federal court."  (Doc. 9, p. 5.)

Having considered the allegations in the Amended Complaint and the parties' arguments, Plaintiff's negligence claim does not substantially predominate her ADA claim.  No authority supports Plaintiff's contention that a state claim "predominates" simply because it is the cause-in-fact of a federal claim.  To the contrary, the Judy court held that the patient's negligence claim did not "substantially predominate," even when the discriminatory policy at issue in the ADA claim was a "result" of the car accident at the heart of the negligence claim.  2008 WL 897705, at *6 ("The negligence claim . . . does not substantially predominate over the ADA claim.").  Courts more typically find "substantial predominance" when the state claims, compared to the federal ones, are particularly meaningful, would require considerable attention, or are especially

numerous. See, e.g., Ameritox, 803 F.3d at 520 ("[T]he District Court's decision to retain [supplemental] jurisdiction over novel and complex state-law claims . . . constituted an abuse of discretion."); TransCardiac Therapeutics, Inc. v. Yoganathan, 85 F. Supp. 3d 1351, 1356–57 (N.D. Ga. 2014) (finding substantial predominance only when the action stated nine state claims compared to one federal claim).

Here, there is no sign that Plaintiff's state claim substantially predominates as the "real body" of her action—regardless of whether the ADA claim "could not exist unless the tort occurred." As in Judy, the fact that Plaintiff's negligence claim was arguably the cause-in-fact of her ADA claim does not require the Court to find predomination. The Court, instead, must consider whether the Amended Complaint's state claims are complex, meaningful, or numerous. Plaintiff's negligence claim has none of these characteristics. There is no indication that, in alleging negligence by the CAT mobility driver, Plaintiff's state claim calls for resolving complex or noteworthy issues of Georgia law. See Parker, 468 F.3d at 743 ("Generally, state tort claims are not considered novel or complex."); Judy, 2008 WL 897705, at *6 (no substantial predominance when negligence claim against valet driver was "neither novel nor complex"); see also Hunt v. 21st Mortg. Corp., No. 2:12–CV–381, 2012 WL 3903783, at *5 (N.D. Ala. Sept. 7, 2012) ("It is unlikely a straightforward state law breach of contract claim would substantially predominate over [p]laintiff's federal claims."). Moreover, with one negligence claim and one ADA claim, the Amended Complaint's state claims do not outnumber the federal ones. See, e.g., TransCardiac Therapeutics, 85 F. Supp. 3d at 1356–57. The Court accordingly finds that Plaintiff's negligence claim does not substantially predominate over her ADA claim under 28 U.S.C. § 1367(c).

In any event, even if the Court found Plaintiff's state claim predominated, this would merely empower it with the *discretion* to refrain from exercising supplemental jurisdiction. 28 U.S.C. § 1367(c) ("The district courts *may* decline to exercise supplemental jurisdiction . . . .") (emphasis added). Altogether, the exercise of supplemental jurisdiction over Plaintiff's negligence claim is appropriate.

## CONCLUSION

For these reasons, Plaintiff's negligence claim and ADA claim arise from a common nucleus of operative fact, creating supplemental jurisdiction over the negligence claim. Furthermore, the Court has no reason to believe the negligence claim will substantially predominate over the ADA claim and, therefore, does not elect in its discretion to decline to exercise supplemental jurisdiction. Thus, "Plaintiff's Motion for Remand, or in the Alternative, Plaintiff's Motion to Sever Certain Claims" is **DENIED**. (Doc. 7.)

**SO ORDERED**, this 3rd day of March, 2025.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA